UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHAEL MURPHY,

    Plaintiff,

v.

NIAGRA CREDIT SOLUTIONS, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff, MICHAEL MURPHY, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § §1331, 1337 and 15 U.S.C. §1692k. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducted debt collection activities in this District.

### PARTIES

4. Plaintiff, MICHAEL MURPHY ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant, NIAGARA CREDIT SOLUTIONS, INC. ("Defendant"), is a Florida corporation whose principle office is located at 420 Lawrence Bell Drive, Suite #2,

Williamsville, NY 14221 and whose registered agent for service of process in the state of Florida is Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301-2525.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS SPECIFIC TO MR. MURPHY

8. Defendant attempted to collect a satisfied debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff.

9. Specifically, Defendant attempted to collect a satisfied debt relating to a Citibank credit card, which was purchased and assigned to Atlantic Credit & Finance, Inc.

10. On or about June 24, 2008 Atlantic Credit & Finance, Inc. filed a collection action in Broward County, Florida. (Broward County Case No.: COWE-08-16408).

11. Plaintiff subsequently settled the collection lawsuit and a satisfaction of judgment was entered on August 16, 2010.

12. On or about October 24, 2014 a third party collection company sent a letter to Plaintiff in an attempt to collect the satisfied Atlantic Credit & Finance, Inc. debt.

13. Plaintiff filed a lawsuit against that collection company for violations of the FDCPA for attempting to collect on the satisfied Atlantic Credit & Finance, Inc. debt. (Southern District of Florida Case No.: 0:14-cv-62502-JIC).

14. On or about, June 15, 2015 Defendant sent a collection letter to Plaintiff again attempting to collect the aforementioned satisfied debt for Atlantic Credit & Finance, Inc. (Exhibit 'A').

15. From June 25, 2015 through the present, Plaintiff received several phone calls and voicemails on his cellular telephone number from Defendant in an effort to collect the satisfied debt at issue.

16. Defendant employed business practices resulting in intentional harassment and abuse of Plaintiff and engaged in a pattern of outrageous, abusive and harassing conduct, by and through its agents and representatives, in an effort to collect a satisfied debt.

17. Defendant intentionally communicated with Plaintiff on numerous occasions with such frequency as can reasonably be expected to harass, in an effort to collect a satisfied debt.

18. Defendant engaged in unlawful and deceptive acts in connection with the collection of a satisfied debt by falsely representing the character, amount, and/ or legal status of a debt.

19. Defendant used an automatic telephone dialing system or a pre- recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone in an effort to collect a satisfied debt.

20. Upon answering many of these calls, Plaintiff was greeted either by an automated machine- operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

21. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an

automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act o 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

22. At all times relevant hereto Plaintiff was the regular user and owner of the subject cellular telephone.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

24. Defendant willfully or knowingly violated the TCPA.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT
### COLLECTION PRACTICES ACT

25. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26. Defendant engaged in unlawful and deceptive acts in connection with the collection of a debt, in violation of 15 U.S.C. §1692e, by sending the Plaintiff a collection letter for a satisfied debt. More specifically, Defendant falsely represented the character, amount, and/ or legal status of a debt.

WHEREFORE, Plaintiff requests that this Court enter judgment in his/her favor and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER
### COLLECTION PRACTICES ACT

27. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

29. Defendant engaged in an act or omission prohibited under Florida Statute § 559.72(7), by willfully communicating with the Plaintiff or any member of his/her family with such frequency as can reasonably be expected to harass the Plaintiff.

30. Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate, or asserted the existence of some other legal right when such person knew that right does not exist in violation of Florida Statute § 559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a) Statutory Damages;

    b) Actual Damages;

    c) Punitive Damages;

    d) Attorney's fees, litigation expenses and costs of suit; and

    e) Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. Defendant placed non- emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre- recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
*Attorney for Plaintiff*
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com